**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 28 2011

JAMES W. McCORMACK, CLERK
By: _____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JAMES CUMMINGS,                )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No. 4:11-CV-0524SWW
                               )
UNION PACIFIC RAILROAD COMPANY,)
                               )
        Defendant.             )   This case assigned to District Judge Wright
                                   and to Magistrate Judge Ray

Serve: The Corporation Company
       124 W. Capitol Ave., Suite 1900
       Little Rock, AR 72201

## COMPLAINT

James Cummings ("the Plaintiff") brings this action for personal injuries he sustained while working for Union Pacific Railroad Company ("the Defendant). The Plaintiff, for his cause of action states as follows:

### The Parties, Jurisdiction and Venue

1. The plaintiff brings this action for negligence under the Federal Employer's Liability Act ("FELA", 45 U.S.C. §§ 51, et seq. This Court has jurisdiction under 45 U.S.C. §§ 56 and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391 (b).

2. At all times relevant, the Plaintiff, was a resident of Prescott, Nevada County, Arkansas, residing at 4134 Highway 24 East, Prescott, Arkansas 71857.

3. At all times relevant to this lawsuit, the Plaintiff was employed by the Defendant as a conductor.

4. The Defendant is a Delaware corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States. At all times relevant to this Complaint, the Defendant has conducted business in the State of Arkansas. The Defendant's registered agent for service of process appears in the caption of this Complaint.

5. On or about February 27, 2010, while Plaintiff was employed by and working for Defendant as a conductor, it became and was his duty to line an inside switch at or near Lewisville, Arkansas. The footing around the switch was extremely uneven and the switch was slack and loose and had been run through and taped with duct tape, making it difficult to operate. When he attempted to line the switch, it sprung rapidly which forced the plaintiff's body to twist causing him to fall. As a direct result of the foregoing, Plaintiff was caused to sustain severe, permanent, painful and disabling bodily injuries as hereinafter described.

6. As a result of the fall, Plaintiff injured his left knee, neck, back, ankles and wrist. He has undergone medical tests and studies including an MRI of his left knee that demonstrated 1) degenerative free edge fraying of the posterior horn of the lateral meniscus near the intercondylar notch; 2) Focal severe (grade IV) chondromalacia v. dorsal defect of the patella; 3) Moderate (grade III) chondromalacia of the femoral trochlear groover; and 4) increased T2 signal in the distal popliteus muscle, consistent with a hemangioma. His treating physician recommended surgery. At the present time, the plaintiff has decided to defer any surgical procedure.

7. At all times relevant to this Complaint, Defendant had a legal duty under the Federal Employer's Liability Act to provide the Plaintiff with a safe place to work, safe working conditions and safe methods for work.

8. The Defendant, through the acts of its officers, agents, servants and/or the

Defendant's employees other than the Plaintiff, failed to carry out these responsibilities, thereby breaching its duty to the Plaintiff by:

    a. Failing to provide the plaintiff with adequate training, equipment or work conditions.

    b. By failing to promulgate, follow and enforce reasonable rules, customs, practices, policies and procedures for the protection of the plaintiff;

    c. By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant, through its officers, agents, servants, and/or other employees other than Plaintiff, caused, permitted and allowed the subject switch to come into and to remain in an unsafe and defective condition when Defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby;

    d. By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to promulgate, follow and enforce reasonable rules, customs, practices, policies, and procedures for keeping the area around the switch in good repair, level and in a safe condition in which it would not present a tripping or falling hazard when Defendant knew, or in the exercise of ordinary care should have known, that

with such failure it was likely its employees, including Plaintiff, would be injured thereby;

e. By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to provide reasonably adequate warning to its employees, including Plaintiff, that the switch presented a danger and hazard when employees including Plaintiff would attempt to operate said switch and the Defendant knew, or in the exercise of ordinary care should have known, that it was likely its employees, including Plaintiff, would be injured thereby;

f. By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to inspect the switch and area surrounding the switch when Defendant knew, or in the exercise of ordinary care should have known, that in failing to perform such inspections that it was likely its employees, including Plaintiff, would be injured thereby.

g. By failing to furnish and provide plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to bad order said switch when Defendant knew, or by the exercise of ordinary care should have known, that in failing to bad order said switch that it was likely its employees, including Plaintiff, would be injured thereby.

h. By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonable safe conditions for work in that Defendant failed to maintain the switch itself and the area surrounding the switch when defendant knew, or in the exercise of ordinary care should have known, that in failing to maintain said switch and the surrounding areas that it was likely its employees, including Plaintiff, would be injured thereby.

i. By failing to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant failed to promulgate and enforce safety rules, policies, or procedures requiring regular inspections and maintenance of its switches and inspections and maintenance of the conditions surrounding the switches, when Defendant knew, or by the exercise of ordinary care should have known, that in failing to do so, it was likely that such dangerous equipment and conditions would exist and would remain and that it was likely that employees, including Plaintiff, would be injured thereby.

j. The Defendant, by and through employees other than Plaintiff, negligently failed to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant's agents, servants and employees, other than Plaintiff, carelessly and negligently left the switch in a state of disrepair when Defendant's agents, servants, and employees, other than Plaintiff,

        knew or by the exercise of ordinary care should have known, that the switch would likely cause Plaintiff to be injured thereby.

    k.    The Defendant, by and through employees other than Plaintiff, negligently failed to furnish and provide Plaintiff with a reasonably safe place to work and with reasonably safe conditions for work in that Defendant's agents, servants and employees, other than Plaintiff, carelessly and negligently left the area surrounding the switch in a state of disrepair and hazardous when Defendant's agents, servants, and employees, other than Plaintiff, knew or by the exercise of ordinary care should have known, that leaving the switch and surrounding area in disrepair that the Plaintiff would likely fall and be injured.

    l.    Requiring the Plaintiff to perform the tasks described herein while it knew or had reason to know that such tasks were reasonably likely to cause injury to its employees, including the Plaintiff.

9.    The Defendant was negligent in each of the respects outlined in this Complaint because the Defendant knew, or by the exercise of ordinary care should have known, that each alleged failure was reasonably likely to cause the Plaintiff to suffer bodily injury.

10.    The Defendant, in each of its negligent acts alleged in this Complaint has violated the Federal Employer's Liability Act.

11.    The Defendant's negligence has caused, in whole or in part, the Plaintiff to suffer the injuries described in Paragraph 6 of this Complaint, and the following damages: Physical pain and suffering (past, present and future); emotional pain and suffering (past, present and future); the

impairment of his physical ability to perform work, household and leisure activities; the reasonable value of necessary medical care received and expenses incurred as a result of his injuries; the reasonable costs of medical care necessary in the future; the value of past earnings lost as a result of the injuries; the value of future earning capacity lost because of the injuries, taking into consideration the Plaintiff's earning power, age, health, life expectancy, mental and physical abilities, habits and any other circumstances shown by the evidence; lost fringe benefits of his employment (both past and future); the reasonable value of necessary services provided by another in doing things for the Plaintiff, which except for the injury, Plaintiff would ordinarily have performed himself; and the cash value of such services reasonably certain to be required in the future.

WHEREFORE, the Plaintiff seeks a judgment and award of damages in an amount that is fair and reasonable to compensate him for these injuries and damages listed in this Complaint, and for all pre-judgment and post-judgment interest allowed by law; all relief allowed under FELA; for his costs to bring this action and for all other relief deemed just and proper by this Court.

### Jury Trial Demand

The plaintiff demands a trial by jury for all issues so triable in this lawsuit of this Complaint. Fed. R. Civ. P. 38(b).

Respectfully submitted,

HUBBELL LAW FIRM, LLC

/s/ Gene C. Napier
Gene C. Napier, MO Bar 24607
30 W Pershing Road, Suite 350
Kansas City, Missouri 64108
(816) 221-5666 Telephone
(816) 221-5259 Facsimile
ATTORNEYS FOR PLAINTIFF